## NO RIGHT OF SUBROGATION WHERE A COUNTY HAS PAID MONEY TO AN OFFICIAL UNDER MISTAKE OF LAW.

Common Pleas Court of Hamilton County.

STATE OF OHIO, EX REL JOHN V. CAMPBELL, PROSECUTING ATTORNEY OF HAMILTON COUNTY, v. EDWARD M. BALLARD.

Decided, October Term, 1916.

*Mistake—Money Paid by County to Wrong Official—Action to Recover Back—Application of the Statute of Limitations—When Such an Action Accrues—No Right of Subrogation in County—Sections 286-1, 286-2 and 286-3.*

1. In an action brought by the prosecuting attorney to recover back money paid out by the county under a mistake of law prior to the passage of an act entitled "An act to amend Sections 284, 285 and 286 of the General Code, and to supplement said Section 286 by the enactment of additional sections to be known as Sections 286-1, 286-2, 286-3 and 286-4, relating to the bureau of inspection and supervision of public offices" (103 Ohio Laws, 506, passed April 17, 1913), the six year statute of limitation commences to run from the time the cause of action accrued and not from the time of the filing of the report of the bureau of inspection and supervision of public offices provided for in said act.

2. The provisions of General Code, Section 286-3 (103 Ohio Laws, 509), providing that "no cause of action on any matter set forth in any report made under authority and direction of Section 286, General Code, shall be deemed to have accrued until such report is filed

with the officer or legal counsel whose duty it is to institute civil. actions for the enforcement thereof and all statutes of limitation otherwise applicable thereto shall not begin to run until the date of such filing," have no application to a cause of action that had accrued prior to the passage of said section; the provisions of Section 26 of the General Code being sufficient to continue it in effect, the statute of limitations governing the cause of action sued on at the time it accrued.

3. Where the county has paid out money under a mistake of law to one official and subsequently by a judgment of the court is compelled to pay out a further sum to another official as compensation for the same services, no right of subrogation exists in behalf of the county as against the first official.

*John V. Campbell*, Prosecuting Attorney, for the plaintiff.
*Littleford, James, Ballard & Frost*, contra.

GEOGHEGAN, J.

Heard on demurrer to petition.

The petition filed in this case is in substance as follows: The relator is the prosecuting attorney of Hamilton county, and he brings this action under the provisions of Section 2921 of the General Code for the use and benefit of Hamilton county; the defendant was from January 1st, 1908, to January 1st, 1910, solicitor for the city of Cincinnati. On January 1, 1908, John M. Thomas, Jr., was appointed by the defendant as assistant solicitor for said city, and designated to act as the prosecuting attorney of the police court of the city of Cincinnati, and was duly qualified as such and performed the duties of said position during the years 1908 and 1909, and completed his term of office on December 31, 1909; said John M. Thomas received as compensation for his services, the sum provided by the city council of the city of Cincinnati, to-wit, $2,200 per annum. The county commissioners of Hamilton county had appropriated for the purpose of paying the salary of police court prosecutor, without designating the name of the person to whom such money was to be paid, the sum of $800 a year; for the first quarter of 1908, the sum of $200, being the amount due, was paid by voucher to the said John M. Thomas, Jr., and thereafter for the balance of the year 1908 and for the whole

year of 1909 the defendant herein drew the entire appropria-
tion made by the county commissioners, amounting to $1,399.94.
On November 14, 1913, the said John M. Thomas secured a
judgment by the consideration of the Supreme Court of Ohio,
whereby the county commisiosners of Hamilton county were
compelled to pay him the sum so paid to the defendant herein,
with interest, and on the 8th day of April, 1915, the bureau
of inspection and supervision of public offices of the state of
Ohio, made a finding to the effect that the said Edward M.
Ballard should return the sum so paid to the treasury of Ham-
ilton county, and it asks judgment for said amount, with
interest. Or, in the alternative, should the court hold that the
plaintiff is not entitled at law to the relief prayed for by
reason of the running of the statute of limitations, or for any
other cause, the relator prays that he may be subrogated to the
rights and causes of action possessed by said John M. Thomas,
Jr., on and prior to February 6, 1914, against the defendant,
and being so subrogated, he prays for judgment as in the original
prayer.

To this plantiff files a demurrer setting forth four grounds,
but in the view the court has taken of the case a consideration
of only two of the grounds is necessary, to-wit, that the action
was not brought within the time limited for the commencement
of such actions, and that the petition does not state facts which
show a cause of action.

It will be seen from an examination of this petition that there
was a contest between Ballard, the solicitor, and Thomas,
his assistant, who was designated to act as prosecutor for the
police court of Cincinnati, as to who was entitled to the amount
appropriated by the commissioners of Hamilton county for the
purpose of paying the prosecuting attorney of the police court.
The money so appropriated was paid to Ballard upon the as-
sumption that he, as solicitor for the city, was the statutory
police court prosecutor, but the Supreme Court of Ohio re-
versed a ruling of the common pleas court and circuit court to
this effect and held that Thomas was entitled to the fund;
whereupon, the county commissioners were compelled by

reason of said judgment to pay over again to Thomas the sum they had paid to Ballard.

Now, the cause of action stated against Ballard, upon the implied promise on his part to reimburse the county for the money illegally paid him, would seem to be barred by the statute of limitations. It was money paid out by a mistake of law and under the rule adopted by the courts of Ohio prior to the passage of the act of April 25, 1908, 93 Ohio Laws, 408, could not have been recovered by an action of this kind. Since the passage of that act, however, the prosecuting attorney is clothed with power to recover back money so illegally drawn from the treasury on and after the date of its passage (*Printing Co.* v. *State,* 68 Ohio St., 62). But, that that act does not deprive a person who is made defendant in an action brought under its provisions, of any legitimate defense is clearly shown by the case of *State* v. *Fronizer,* 77 Ohio St., 7, wherein it is said by the court at page 17, in discussing the action that is provided for by the act in question:

"It does not appear that it was the intention to deprive a party who has dealt with the county honestly and in good faith, of any legitimate defense or to impose upon the court any duty to ignore the well established rules of jurisprudence and adjudge in favor of the plaintiff upon his application whether such demand violates fundamental principles of law or not. In the absence of legislative intent clearly expressed, we must conclude that none was intended."

Now there is nothing in the act in question, authorizing the prosecuting attorney to recover back money of the county illegally paid out, that would cause one to conclude that the Legislature intended the one who had been paid money under an honest mistake of law should be deprived of the benefit of the statute of limitations. Such a construction would be contrary to all precedent in Ohio, and would be extending the operation of a statute to a point far beyond that which its terms fairly import. Therefore, it would seem that inasmuch as this action was commenced April 27, 1916, to recover back money paid out under a mistake of law on and prior to

January 1, 1910, the six year statute of limitations would constitute a bar unless the provisions of Section 286-3 of the General Code (103 Ohio Laws, 509), constitute an exception in the case at bar.

On May 8, 1913, there was filed in the office of the Secretary of State of Ohio an act entitled, ''An act to amend Sections 284, 285 and 286 of the General Code, and to supplement said Section 286 by the enactment of additional sections to be known as Sections 286-1, 286-2, 286-3 and 286-4, relating to the bureau of inspection and supervision of public offices. The first sections of this act provide for the inspection and supervision of public offices and the reports to be made thereon by the officials of the state bureau of inspection; and they further provide that if the report so filed sets forth ·that any public money has been illegally expended, within ninety days after the receipt of such certified copy, the prosecuting attorney shall commence a civil suit to recover the same in the proper court. And Section 286-3 provides as follows:

''That no cause of action on any matters set forth in any report made under authority and direction of Section 286, General Code, shall be deemed to have accrued until such report is filed with the officer or legal counsel whose duty it is to institute civil actions for the enforcement thereof, and all statutes of limitation otherwise applicable thereto shall not begin to run until the date for such filing.''

It is now claimed that by reason of the provisions of this last mentioned section the statute of limitations did not commence to run against this claim until the report of the bureau of inspection and supervision of public offices was filed with reference to it, and this occurred on or about the 8th day of April, 1915. It was conceded in the argument that the cause of action against Ballard accrued when the last payment was made to him on January 10, 1910. If this be true then the principle that is well grounded in Ohio, that the statute of limitations in force at the time a cause of action accrues is the statute of limitations that governs, must be applied here. That rule is too well known to need many citations, and the court

will content himself with citing only a few of the more important ones. *Hazlet* v. *Critchfield,* 7 Ohio St., Part 2, page 153; *Horseley* v. *Billingsley,* 19 Ohio St., 413; *Webster* v. *Bible Society,* 50 Ohio St., 1; *Ham* v. *Kunzi,* 56 Ohio St., 531; *Yocum* v. *Allen,* 58 Ohio St., 280.

While it is true that under the Code, Section 11236, the words contained in the Revised Statutes, Section 4974:

"This chapter shall not apply to actions already commenced, nor to cases wherein the right of action has already accrued; but the statutes in force when the action accrued shall be applicable to such cases, according to the subject of the action, and without regard to form;"

have been omitted in the Code; nevertheless, the provisions of Section 26 of the General Code would be sufficient to continue in effect in so far as a bar to this action is concerned, the statutes in effect at the time the cause of action sued·on herein accrued, because the act of May 8, 1915, does not specifically provide that it shall apply to causes of action already existing at the time.

As to the prayer for relief in the alternative, to-wit, that the relator for the benefit of Hamilton county be subrogated to the rights and causes of action possessed by said John M. Thomas, Jr., against the said Ballard, I do not think that the petition presents facts sufficient to entitle the plaintiff to the equitable relief of subrogation. As I understand the rule,

"Subrogation is allowed only in favor of one who under some duty or compulsion, legal or moral, pays the debt of another; and not in favor of him who pays a debt in performance of his own convenants, for the right of subrogation never follows an actual primary liability, and there can be no right of subrogation in one whose duty it is to pay, or in one claiming under him against one who is secondarily liable, or not liable at all. In such cases payment is extinguishment." 37 Cyc., 374.

A case almost exactly in point is one decided by the Supreme Court of New York, wherein two claimants for the same service to the United States Government applied for payment to the

government.  The one who arrived first in point of time received the payment and the other was excluded.  The party so excluded brought suit against the party receiving payment and it was held that he could not recover; that the money thus paid was not an appropriation for the payment of the claim of the one who was rightfully entitled to it, and that it could not be considered as a trust for such purpose.  *Patrick* v. *Metcalf*, 37 N. Y., 332.

Applying the analogy of that case to the case at bar, here we have Thomas and Ballard both claiming a fund.  Ballard does not claim it by reason of any right existing in Thomas, nor does Thomas claim it by reason of any right existing in Ballard, but each claims it as of his own right, and each claims that the county is primarily liable to him.  Under a mistake of law the county pays the money to Ballard, and would be entitled to recover it from Ballard except for the intervention of the statute of limitations, as pointed out before.  Thomas having been successful in his direct action against the county for the payment of the money has no further interest in the matter, and it is exceedingly questionable under the circumstances whether he would have had an action against Ballard.  But be that as it may, the county is not in the position of a surety or a person secondarily liable who has been compelled to pay the debt of his principal and who asks to be subrogated to the rights of the creditor as against his principal, but is in the position of one who having a direct primary liability, pays the debt in performance of his own agreement to pay it.

I am, therefore, of the opinion that the facts as pleaded do not afford room for the application of the equitable doctrine of subrogation.

The demurrer will be sustained.